AO 243 (Rev. 5/85)

**MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

United States District Court
Southern District of Texas
FILED
NOV - 3 2000
Michael N. Milby
Clerk of Court

# United States District Court

| District | |
|---|---|
| SOUTHERN DISTRICT OF TEXAS | |

| Name of Movant | Prisoner No. | Case No. |
|---|---|---|
| BALDEMAR FERNANDEZ VILLANUEVA | 82790-079 | CR-B-99-032 |

Place of Confinement
3711 WRIGHT AVE. BIG SPRING TX. 79720 (ROOM D-2)

B-00-174

UNITED STATES OF AMERICA    V.    BALDEMAR FERNANDEZ VILLANUEVA
(name under which convicted)

## MOTION

1. Name and location of court which entered the judgment of conviction under attack  BROWNSVILLE DIVISION
   105 FEDERAL BUILDING 500 E. 10TH ST. BROWNSVILLE TX. 73520

2. Date of judgment of conviction  NOVEMBER 3rd 1999

3. Length of sentence  41 MONTHS

4. Nature of offense involved (all counts)  COUNT 1: CONSPIRACY TO POSSESS WITH INTENT TO DISTRIBUTE, 50 KILOGRAMS OF MARIHUANA IN VIOLATION OF 21 U.S.C. 846 (A) AND 841 (B) (1) (C).

5. What was your plea? (Check one)
   (a) Not guilty  ☒
   (b) Guilty  ☐
   (c) Nolo contendere  ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:
   GUILTY TO COUNT 1 - BY JURY TRAIL.

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury  ☒
   (b) Judge only  ☐

7. Did you testify at the trial?
   Yes ☒  No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☐  No ☒

(2)

AO 243 (Rev. 5/85)

9. If you did appeal, answer the following:

   (a) Name of court _____N/A_____

   (b) Result _____

   (c) Date of result _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?
Yes ☐ No ☒

11. If your answer to 10 was "yes," give the following information:

   (a)(1) Name of court _____N/A_____

      (2) Nature of proceeding _____

      (3) Grounds raised _____N/A_____

_____

_____

_____

_____

      (4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☐

      (5) Result _____N/A_____

      (6) Date of result _____

   (b) As to any second petition, application or motion give the same information:

      (1) Name of court _____

      (2) Nature of proceeding _____

      (3) Grounds raised _____N/A_____

AO 243 (Rev. 5/85)

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☐

(5) Result _____ N/A _____

(6) Date of result _____

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
(1) First petition, etc.    Yes ☐ No ☒
(2) Second petition, etc.   Yes ☐ No ☒

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:
N/A

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION: <u>If you fail to set forth all ground in this motion, you may be barred from presenting additional grounds at a later date.</u>

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: DENIED OF THE EFFECTIVE ASSISTANCE OF COUNSEL.

Supporting FACTS (state *briefly* without citing cases or law) COUNSEL FAILED TO FILE A DIRECT APPEAL.

B. Ground two: NO FURTHER GROUNDS.

Supporting FACTS (state *briefly* without citing cases or law):

C. Ground three:

Supporting FACTS (state *briefly* without citing cases or law):

(5)

AO 243 (Rev. 5/85)

   D. Ground four: _____

   Supporting FACTS (state *briefly* without citing cases or law): _____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them: _____

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
    Yes ☐  No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

   (a) At preliminary hearing  TIMOTEO E. GOMEZ.(TERM-03/29/99) PUBLIC DEFENDER, BROWSVILLE TX.

   (b) At arraignment and plea  LUIS V SAENZ-(TERM. 11/03/99) ATTORNEY AT LAW BROWNSVILLE TEXAS. COURT APPOINTED.

   (c) At trial  LUIS V SAENZ- ATTY-AT-LAW  117 E. PRICE ROAD BROWNSVILLE TEXAS. 78521

   (d) At sentencing  LUIS V. SAENZ.

(e) On appeal _____ N/A _____

(f) In any post-conviction proceeding ___ N/A _____

(g) On appeal from any adverse ruling in a post-conviction proceeding ___ N/A ___

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
    Yes ☐  No ☒

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
    Yes ☐  No ☒

    (a) If so, give name and location of court which imposed sentence to be served in the future: ___ N/A ___

    (b) Give date and length of the above sentence: ___ N/A ___

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
    Yes ☐  No ☐

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

10-31-2000
     (date)

10-31-2000

x Baldemar Fernandez Villanueva
         Signature of Movant

(7)

United States District Court
Southern District of Texas
FILED

NOV - 3 2000

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS BROWNSVILLE DIVISION

B-00-174

| UNITED STATES OF AMERICA, | CR B-99-032 |
| Plaintiff, | |
| v. | MOTION FOR THE GRANTING OF THE |
| BALDEMAR FERNANDEZ-VILLANUEVA, | RIGHT FOR A DIRECT APPEAL PURSUANT |
| Defendant | TO 28 U.S.C.A. § 2255. |

(I) INTRODUCTION

Comes now defendant, Baldemar Villanueva Fernandez, and respectfully moves this Honorable Court pursuant to 28 U.S.C. § 2255 to reinstate direct appeal because of denial of the effective assistance of counsel, in violation of the sixth amendment of his constitutional right.

Page 1

## (2)   STATEMENT OF FACTS

On August 2? 1999, Defendant Baldemar Fernandez Villanueva, was found guilty by Jury verdict to Count 1 of the Indictment and not guilty of Count 2.

After accepting the Jury verdict, United States District Judge A.J. Mc Namara ordered the preparation of presence investigation report on the defendant and set sentencing for November 3rd, 1999 at 9:A.M.

On January 9 1999 at around 11:30 A.M., I was coming out of my home to go and get my car washed, when I see an old friend was walking by, his name is Daniel Uriel Sanchez,

He asked me for a ride, I agreed since I know how it is to be on foot, Daniel directed me to the down town area,

So after we picked up his friend in the down town area we all went to the park to call Daniels second friend but he wasn't there so we waited for him, Daniel called him again to see if he had arrived, I agreed to wait because I didn't have much to do till that afternoon.

Butt after an hour and a half I told Daniel that I had to go, so he tolled me to drive him by his friends in Flag st. And if he wasn't there to just leave him at H.E.B. store,

So I left him at H.E.B. store then Daniel gave me $5.00 for gas and tolled me to leave his friend at his down town home.

After I put gas in my car I went home and got ready to go see my girl friend, as I came out I see Daniel in front of my car he talked me into another short ride to his friends house in Flag st.,

Page 2

1  His friend was still not there so I made a u turn to go to my house and
2  that's wen I got arrested .
3  On 11/3/1999 Sentencing held before Judge Filemon B.Vela Ct Reporter: S.
4  Holloway Int-Interpreter Ana Caldera K/Govt Ron Morgan AUSA K/Defs LUIS SAENZ
5  BALDEMAR FERNANDEZ VILLANUEVA (2) count (8) 1^ CBOP 41months, 3 yrs SRT,
6  $100 SA , f1sd    Defts advised not to return to USA unlawfully and off his
7  "RIGHT TO APPEAL"

### (3)  LAW AND ARGUMENT

11  On November 3rd 1999 , Sentencing hearing was held before Judge Filemon B.
12  Vela, advising defendant of his right to appeal,
13  Defendant was denied ineffective assistance of counsel for failing to file
14  a notice of appeal.
15  Defendant who lost his right to direct appeal of his conviction and
16  sentence through dereliction of his counsel was entitled to new appeal
17  without first showing that there was meritorious appellate issue ,
18  defendant never had opportunity to appeal and was entitled to be treated
19  like any other defendant who was appealing for first time, Bonneau v. U.S.
20  C.A.1 ( Mass.) 1992 , 961 F. 2d 17.
21  Counsel failed to explain to defendant what an appeal was when defendant
22  was asked by the judge if he was going to appeal his conviction,
23  The failure of a counsel to timely file an appeal upon request of defendant
24  or to mislead defendant or court as to the filing of appeal constituted
25  ineffective assistance of counsel entitling defendant to postconviction
26  relief in the form of an out of-time appeal, Ballestas v. U.S., C.A.5
27  (Tex.) 1992, 959 F.2d 879

Page 9

## CONCLUSION

Therefore the petitioner Baldemar Fernandez Villanueva prays that this Honorable Court to grant his motion under 28 U.S.C. § 2255 to appeal his conviction, in the interest of justice and fundamental fairness.

Respectfully Submitted this 31st, day of October, 2000.

*Baldemar Villanueva Fernandez*

Baldemar Fernandez Villanueva  ( Pro-se )

B O P  # 42790-079
Cedar Hill Unit,
5711 Wright Ave.
Big Spring Texas , 75720
F- 2- H- 5, room.

Page 4

## CERTIFICATE OF SERVICE

This is to certify that I, Baldemar Fernandez Villanueva, petitioner, on this October 31, 2000 filed the required one original, and two copies of the petitioners pro-se motion under 28 U.S.C. § 2255 to the clerk of the court of Brownsville Texas, and a copy to the Assistant U.S. Attorney Ms. Adela Kowalski-Garza, address P.O. Box 1671 Brownsville Texas, 78522.

*Baldemar Villanueva Fernandez*

Baldemar Fernandez Villanueva
Reg. # 82790-079 ( Pro-se )
Cedar Hill Unit.
3711 Wright Ave.
Big Spring Texas, 79720

Page 5