IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

NOV 2 0 2000

Michael N. Milby
Clerk of Court

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
|    Respondent, § | |
| § | |
| vs. § | C.R. NO. B-99-032 |
| § | |
| BALDEMAR FERNANDEZ-VILLANUEVA § | |
|    Petitioner. § | |
| (C.A. NO. B-00-174) § | |

### RESPONSE AND MOTION TO ORDER HEARING ON MOTION FOR RELIEF UNDER 28 U.S.C. § 2255

TO THE HONORABLE JUDGE OF SAID COURT:

The United States of America, "the government" files this response and motion to order for hearing under 28 U.S.C. § 2255 filed by Baldemar Fernandez-Villanueva, "Fernandez", and in support thereof would respectfully show the court the following:

I.

JURISDICTION

A.   Procedural history.

Fernandez was indicted in the United States District Court for the Southern District of Texas on February 3, 1999. In the indictment, Fernandez was charged with conspiracy to possess with intent to distribute a controlled substance and with

possession with intent to distribute a controlled substance in violation of 21 U.S.C. §§846, 841(a)(1), and 841)b)(1)(C) (DOC 1)[1]. On May 12, 1999, Fernandez was tried by a jury. The trial resulted in a hung jury and mistrial (DOC 42). On August 25 and 26, 1999, a second trial was held, resulting in a guilty verdict as to the conspiracy count and a not guilty verdict as to the possession count (DOC 112). On November 3, 1999, Fernandez was sentenced to 41 months imprisonment to be followed by a three year term of supervised release (DOC 128). Following his sentencing hearing, the district court admonished Fernandez of his right to appeal along with the ten day deadline to file notice of appeal (DOC 128). The judgement was entered on November 15, 1999 (DOC 131).

No appeal has been filed on behalf of Fernandez.

Fernandez timely filed his motion for relief under 28 U.S.C. § 2255, Civil Action No. B-00-174, on November 3, 2000 (DOC 148).

B.  <u>Basis of jurisdiction</u>

Fernandez invoked this court's jurisdiction under 28 U.S.C. § 2255. In his petition he complains that his right to appeal be restored on the grounds his trial

---

[1] The first number in the DOCument cite relates to the number given the document in the criminal docket sheet. The second number within the DOC cite relates to the page number of the document. PSR is the presentence investigation report. PSR.Add. Refers to the addendum to the PSR.

counsel rendered constitutionally infirm assistance by failing to explain "what an appeal was" and by failing to file notice of appeal as directed (Petition p. 3).

This court is properly vested with jurisdiction under 28 U.S.C. § 2255 for Fernandez' claims of ineffective assistance of counsel.

II.

## FACTS UNDERLYING THE CONVICTION AND SENTENCE

A.  <u>Sentencing: November 3, 1999</u>.

On November 3, 1999, Fernandez' sentencing hearing was held. The district court sentenced Fernandez to 41 months imprisonment to be followed by an three year term of supervised release (Docket entry 128, DOC. 131). Following the assessment of punishment, the district court admonished Fernandez of his right to appeal and of the ten day deadline for the filing notice of appeal (DOC 128).

IV.

## MOTION FOR HEARING

A.  <u>Fernandez's factual claims and ground for relief</u>.

1.  <u>Ineffective assistance</u>

Fernandez raises the complaint of ineffective assistance of counsel. He proceeds from the proposition that he directed his attorney to file notice of direct

3

appeal and his attorney failed to do so. His trial attorney has provided an affidavit regarding the matter. It is attached as Attachment A. In it, the trial counsel testifies that the appeal was discussed by he and Fernandez at length. After which discussion, Fernandez decided to not appeal. His trial counsel has also produced a letter written to him by Fernandez, and dated May 1, 2000, in which Fernandez implicitly acknowledges his earlier decision to not appeal and which essentially dates Fernandez' decision to appeal at May 1, 2000 (Attachment B). The record thus belies Fernandez' claims.

However, as Fernandez' instant claim requires a credibility analysis by the court, prudence would dictate an evidentiary hearing on the matter. *United States v. Giacomel*, 153 F.3d 257, 258 (5th Cir. 1998).

B.  <u>Legal principles guiding resolution of the ineffective assistance claim</u>.

Ineffective assistance of counsel claims are generally reviewed under the now well-established *Strickland* standard: "Whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial court cannot be relied on as having produced a just result." *Strickland v. Washington,* 466 U.S. 668, 686, 104 S.Ct. 2052, 2064 (1984); *Roe v. Flores-Ortega,* _ U.S. _, 120 S.Ct. 1029, 1034 (2000). To succeed on such a claim, a petitioner must first show that his counsel's performance fell below an objective standard of reasonableness. *Id*. at 688, 104

4

S.Ct. at 1064. The reasonableness of counsel's challenged conduct must be judged "on the facts of the particular case, viewed as of the time of counsel's conduct" and the reviewing court "must strongly presume that counsel has exercised reasonable professional conduct." *United States v. Samples,* 897 F.2d 193, 196 (5th Cir. 1990)(citations omitted).

Although "ineffective assistance" claims under *Strickland* typically require the petitioner to demonstrate prejudice as a result of counsel's deficiency, in the context of Fernandez' claim, the only prejudice required is the loss of the right to appeal. *Rodriguez v. United States*, 89 S.Ct. 1715, 1717 (1969).

Here, the government believes the record will demonstrate Fernandez made a deliberate decision to not appeal prior to the expiration of his ten day deadline. If the final record reveals that Fernandez did not direct his trial counsel to file notice of appeal, Fernandez' claim fails on this point. If the court concludes Fernandez did direct his trial counsel to file notice of appeal within the time period provided, Fernandez' right to appeal should be reinstated. *United States v. Clark*, 193 F.3d 845, 847 (5th Cir. 1999), *United States v. Gipson*, 985 F.2d 212, 216 (5th Cir. 1993).

A Section 2255 Motion requires a hearing unless the files, the motion, and the record of the case conclusively show that no relief is appropriate. 28 U.S.C. § 2255 (foll.), Rule 8(a). *United States v. Santora*, 711 F.2d 41 (5th Cir. 1983). The need

5

for an evidentiary hearing depends upon an assessment of the record. If the district court cannot resolve the allegations without examining evidence beyond the record, such as a credibility analysis, it must hold a hearing. If the record is adequate to fairly dispose of the allegations, the court need inquire no further. *United States v. Smith*, 915 F.2d 959, 964 (5th Cir. 1990).

The government prays that the court hold an evidentiary hearing on whether Fernandez directed his attorney to file notice of appeal.

Respectfully submitted,

MERVYN M. MOSBACKER
United States Attorney

By: /s/ Mark M. Dowd

Mark M. Dowd
Assistant United States Attorney
TX Bar No. 06070500
SD Tex ID No. 9314
600 E. Harrison, # 201
Brownsville, TX 78520
(9563) 548-2554

6

## CERTIFICATE OF SERVICE

I, Mark M. Dowd, do hereby certify that a copy of the foregoing Respondent's Motion to Dismiss Motion to Vacate Sentence has been mailed on this the 20th day of November, 2000, via certified mail, return receipt requested to

Mr. Baldemar Fernandaz-Villanueva
Reg. No. 82790-079
Cedar Hill Unit
3711 Wright Avenue
Big Spring, Texas, 79720

_____
Mark M. Dowd
Assistant United States Attorney

The first time that I learned that he wished to appeal his case was when his family members advised me of this around January or February of 2000. I told them that it was too late for an appeal. Sometime later they returned and asked for copies of certain documents. I told them that most of the documents they were requesting were not in my possession. I gave the family copies of the indictment, the investigative reports and the judgment. At no time have I denied Mr. Villanueva access to his file.

On May 1, 2000 I received the attached letter from Mr. Villanueva (Exhibit 1). An objective reading of this letter reveals several things: (1) Mr. Villanueva doesn't say anything about my alleged failure to appeal his case. (2) Mr. Villanueva acknowledges that he was advised of his right to appeal and he agreed not to appeal.

As attorney for Mr. Villanueva I did everything to protect his interests. I first met Mr. Villanueva in April, 1999. Through November, 1999 we developed and enjoyed a very professional and cordial relationship."

EXECUTED on this the 16 day of November, 2000.

*Luis V. Saenz*

SWORN AND SUBSCRIBED to before me, the undersigned authority, by the said Luis V. Saenz, on this the 16th day of November, 2000, to certify which witness my hand and seal of office.

SAN JUANITA CARRIZALES
NOTARY PUBLIC
State of Texas
Comm Exp. 06-24-2003

Notary Public in and for
the State of Texas
Commission expires: 6-24-2003

AFFIDAVIT OF LUIS V. SAENZ

Page 2 of 2

May 1, 2000

Mr. Luis V. Saenz
Attorney at Law
117 E. Price Road
Brownsville, TX 78521

RE: <u>BALDEMAR FERNANDEZ VILLANUEVA DKT#: 1:99cr00032-S1</u>

    After months of absolute silence from your part, I was wondering if you did not have anything to say in connection to the fact that you recommended me not to appeal the sentence and conviction imposed by the district court. Nonetheless, I have taken some time to review the facts of my case, and I have came up with the idea that perhaps I should have appealed court's decision.

    However, it is too late for complaining about the past. Now, I am interested in developing what it seems to be a chance for me to ask the court to review my sentence and conviction. Therefore, I am hereby respectfully asking you to provide me with a complete and thorough copy of all records and materials related to my case. I assume that since your were acting as my defense counsel, you must have all the following material:

    a) Docket sheet,
    b) Pretrial transcript(s),
    c) Trial transcript(s),
    d) Sentencing transcript,
    e) Criminal complaint and indictment,
    f) DEA criminal investigation report,
    g) Brady material (incriminating / exculpatory evidence), tape recordings,
    h) Defense attorney work done in preparation to trial.
    I) Rebuttal notes.

    Your prompt attention and practical response shall be appreciated.

Sincerely,

*Baldemar Fernandez Villanueva*

Baldemar Fernandez Villanueva
BSCC 82790-079 C.H.
3711 Wright Ave.
Big Spring, TX 79720

GOVERNMENT EXHIBIT "B"

EXHIBIT 1

STATE OF TEXAS             §
                           §
COUNTY OF CAMERON          §

   **BEFORE ME**, the undersigned Notary Public, on this day personally appeared Luis V. Saenz, known to me to be the person whose name is subscribed hereto, who being first duly sworn in the manner provided by law, on oath states as follows:

   "My name is Luis V. Saenz. I am over the age of eighteen (18) years, of sound mind and capable of making this affidavit. I have personal knowledge of and competent and authorized to testify to the facts set forth herein.

   I was the attorney for Baldemar Fernandez Villanueva in Criminal Number B-99-32-02 and 1:99-CR-0032-S1-002.

   Criminal Number B-99-32-02 was tried to a jury on May 12, 1999 and ended in a mistrial on May 14, 1999. The case was then set for a re-trial June, 1999. On or about June 24, 1999 the case was dismissed and the Defendant was re-indicted under Criminal Number 1:99-CR-0032-S1-002. The case was then set for trial on August 24, 1989. On August 27, 1999 the Defendant was found guilty and the sentencing was set for November 3, 1999.

   On November 3, 1999 the Defendant was sentenced to forty-one months. Prior to the sentencing, I explained to the Defendant his right of appeal. At that time he said he was not interested in appealing his case because he just wanted to get it over with.

   After the Defendant was sentenced and before 10 days had expired from the date of judgment, I again explained to the Defendant his right to appeal. This time I explained to the Defendant the chances of prevailing on an appeal. I explained to him that based on the Co-Defendant's incriminating testimony, the police surveillance that corroborated the Co-Defendant's testimony and his own testimony at trial that the chances of an appeals court finding insufficient evidence were very slim at best. Again the Defendant stated that he did not want to appeal his case. The Defendant by this point was very frustrated by the whole process. We had been through two arraignments, three jury selections, two trials and the sentencing hearing. Again he stated that he did not want to appeal, because he just wanted to get it over with.

   At no time during the time that the case could have been appealed did Mr. Villanueva request or direct me to appeal his case.

AFFIDAVIT OF LUIS V. SAENZ                             Page 1 of 2

GOVERNMENT EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Respondent, | § | |
| | § | |
| vs. | § | C.R. NO. B-99-032 |
| Baldemar Fernandez-Villanueva | § | |
|     Petitioner. | § | |
| (C.A. NO. B-00-174) | § | |

ORDER

It is hereby ORDERED that Petitioner's 'ineffective assistance' claim be set for an evidentiary hearing on the _____, day of _____, 2000, at ____:_____M.

The United States District Clerk's Office is ORDERED to summon to the hearing the Petitioner's trial counsel, Luis Saenz, 117 East Price, Brownsville, Texas, 78521.

SIGNED this _____ day of _____ 2000.

_____
UNITED STATES DISTRICT JUDGE