13

United States District Court
Southern District of Texas
FILED

MAY 0 8 2001

Michael N. Milby
Clerk of Court

**Baldemar Fernandez-Villanueva**
**Reg. No.82790-079**
**Cedar Hill Unit**
**3711 Wright Ave.**
**Big Spring, Texas 79720**

**Pro-se**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# -BROWNSVILLE DIVISION-

| | |
|---|---|
| **United States of America,** | **Criminal No. B-00-032** |
| **Respondent,** | **Civil Action No. B-00-174** |
| **vs.** | |
| **Baldemar Fernandez-Villanueva,** | **Petitioner's Objection to Magistrates** |
| **Petitioner.** | **Report And Recommendation.** |

COMES NOW, Petitioner Baldemar Fernandez-Villanueva, acting pro-se, respectfully submits this objection to Magistrates Report and Recommendation. This motion is based on the attached statements of facts and points of authorities.

DATE: 5-2-01

Respectfully Submitted

Baldemar Fernandez Villanueva

Baldemar Fernandez-Villanueva
Pro-se



ClibPDF - www.fastio.com

## STATEMENTS OF FACTS

August 27 1999 , Defendant Baldemar Fernandez Villanueva , was found guilty by Jury in a second trial, ( first trial resulted in a hung jury), Defendant was found guilty of conspiracy and Not guilty of possession of marijuana.

After accepting the Jury verdict , United States District Judge A.J. MC. Namara ordered the preparation of Presence Investigation Report on the defendant and set sentencing for November 3rd , 1999 at 9:A.M.

On November 03, 1999, Sentencing was held before Judge Filemon B .Vela Ct Reporter: B. Holloway Interpreter: Ana Caddess F/Govt Ron Morgan AUSA F/Deft LUIS SAENZ, BALDEMAR FERNANDEZ VILLANUEVA (2) count (s) 1s. CBOP 41months, 3 yrs SRT, $100 SA , filed. Deft advised not to return to USA unlawfully and off his "RIGHT TO APPEAL"

On October 31, 2000, Defendant filed a motion vacate, set aside and correct sentence pursuant 28 U.S.C. §2255. Defendant's claim was ineffective assistance of counsel, because his Trial Counsel failed to advise Defendant of his right to appeal.

Government filed a response and motion to order a hearing for relief Under U.S.C. §2555.

An Order was entered on January 22, 2001. A public Defender was appointed to represent Defendant at hearing. However, there was a conflict of interest between Court appointed Attorney and Trial Counsel Mr. Saenz.

Evidentiary hearing was held on February 15, 2001, at which Attorney Mr. Saenz testified regarding defendant's claim.



ClibPDF - www.fastio.com

## POINTS AND AUTHORITIES

On Magistrate's Report and Recommendation , Honorable Magistrate Judge Black recommends that:

> "Fernandez-Villanueva, in his petition claims that his trial Counsel was ineffective for failing to file an appeal following Fernandez-Villanueva's trial and **conviction for possession of marijuana**. The conviction followed Fernandez-Villanueva's second trial. The first trial resulted in a hung jury. Retrial resulted in a guilty verdict on a **conspiracy count and a not guilty verdict on a possession count**."

> "The quality of Mr. Saenz's representation is demonstrated by the fact that it took the government two trial to convict Fernandez-Villanueva on one count of a two count indictment. His claim of ineffective assistance of counsel is without merit and should be dismissed."

Petitioner respectfully objects to the report and recommendation for the following reasons:

## FIRST TRIAL

First trial resulted in a hung jury **not** because the effective assistance of counsel, but because there was many contradictions by Alberto Arreaga the Government Witness which resulted insufficient evidence to convict the Defendant.

## SECOND TRIAL

Second trial. Judge Vela was not available for second trial. Defendant advised Mr. Saenz that he wanted to wait for Judge Vela to proceed with second trial, Attorney Saenz informed defendant that Judge Vela would not be back on till 30 days, also that, everything was ready to proceed and that there was a new Judge assign.

On second trial when Government Witness Alberto Arreaga went to testify, he change the version saying that; he had LIED during the first trial to Judge Vela, changing the version and stating Defendant Fernandez-Villanueva's participation, stating that he had LIED because he feared for his life.



ClibPDF - www.fastio.com

How is it possible that they incriminate a innocent person just because he gave a ride to "his Friend". Also, how is it possible that people believe the testimonies of Witnesses previously convicted and that was in supervised release, instead of a Defendant who is never been incarcerated, worked all his life, working as a dish washer, driving a 16 year old car, no cellular Phone and was given $5.00 for gas.

It is more than obvious that Defendant was not involved in any illicit trafficking nor he had a role in this case. At sentencing Mr. Saenz should have requested a four-level reduction for a minor or minimal role since it reflected his lesser involvement in the conspiracy.

## EVIDENTIARY HEARING

On February 15, 2001, the Evidentiary Hearing took place, Court Appointed Attorney Rene DeCoss arrived late to the Hearing and requested Magistrate Black a 15 minutes to interview the Defendant Fernandez-Villanueva for the first time.

When Mr. DeCoss spoke with the Defendant, he advised him to leave everything like it is, "you are not going to win anything", Mr. DeCoss was holding a typed letter in his hand and was saying that; "that was a proof of evidence that was against the Defendant, and that if he continue he was going to make the Judge angry and that he might end up getting more time". he was also advised by Mr. DeCoss to just "pretend that you came all the way here to see your family".

During the Evidentiary Hearing, Defendant and Mr. Saenz were questioned By Counsels regarding if Mr. Saenz had advised Mr. Fernandez-Villanueva's right to appeal.

Mr. Saenz stated that he advised Mr. Fernandez-Villanueva his right to appeal.

Mr. Fernandez-Villanueva stated that; he was never advised or explained by Mr. Saenz regarding his right to appeal.



ClibPDF - www.fastio.com

## ARGUMENT

If there is no record to verify if Counsel did advise Defendant's right to appeal, according to Mr. Saenz version it appears that he advised Mr. Fernanez-Villanueva his right, the only way this issue can be resolved is by using "Common sense", because, Defendant first Trial resulted a hung jury, second trial he was found guilty for conspiracy and not for possession.

Any Defendant that is found guilty after two trials would want to appeal his conviction, knowing that; he was found guilty for false testimonies of witnesses that had being previously convicted for drugs, one was on supervised released, the other witness was previously deported after a prior convictions, had previously perjured, and knowing that one of the informants was paid $600.00 to testified.

Defendant also wanted to appeal his conviction because on first trial, Honorable Judge Vela knew this case, knew the witnesses were "fake", Judge Vela made a coment that he beleived more on the version of the defendant than the witnesses. Defendant knew these anomalies happend during his second trial it would be more than obvious that Mr. Fernandez-Villanueva wanted to appeal his 41 months sentence.

## INEFFECTIVE ASSISTANCE OF COUNSEL

Mr. Saenz should have filed a notice of appeal within the 10 day limit after the conviction of Mr. Fernadez-Villareal, knowing that this case has merits. According to **Anders v. California, 386 U.S 738, 87 S.Ct 1396, 18 L.Ed.2d 493 (1967),** if court appointed counsel believes an appeal should not be filed because it lacks any merit, he should so advise the Court and request permission to withdraw. "That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses"



ClibPDF - www.fastio.com

***The right to an appeal**:

Mr. Fernandez-Villanueva wanted to appealed his conviction, knowing that he was wrongly incriminated, specially knowing that his first trial resulted a hung jury. In **Lozada v. Deeds, 111 S. Ct. 860, 862 (1991)** (per curiam) (petitioner was entitled to certificate of probable cause on claim of ineffective assistance of counsel on appeal even without showing of prejudice because "at least two Courts of Appeals have presumed prejudice" when petitioner is deprived of right to appeal); **Lozada v. Deeds, 964 F.2d 956 (9th Cir. 1992)** (following reversal and remand by Supreme Court, *see supra,* circuit court "hold[s] that prejudice is presumed under ***Strickland* [*v. Washington*]** if it is established that counsel's failure to file a notice of appeal was without the petitioner's consent"); **Gray v. United States, 834 F.2d 967 (11th Cir. 1987)** (unconstitutional denial of appeal is reversible *per se*); **Ashby v. Wyrick, 693 F.2d 789, 794 (8th Cir. 1982)** (similar).

According to **Strickland v. Washington, 466 U.S. 668, 104 S.Ct.2052, 80 L.Ed.2d 674 (1984)**, The role of an attorney. According to Strickland 22 Am. Crim. L.Rev. 181, 200 (1984) "the role of a [defense attorney] is not [to] see that his or her client received a fair trial and that a just outcome resulted. The attorney's role is to do everything ethical proper to see that the client receives the most favorable outcome possible- whether or not it procedure an outcome which society considers just." Such ineffective assistance of counsel fell far below any objective standard of reasonableness that, but for counsel's unreasonable conduct, the result of the proceedings would have been completely different. **see Strickland v. Washington, *466 U.S. 668, 700, rehearing denied 467 U.S. 1267*].**

In this case Mr. Saenz should have been ethical and advised Mr. Fernanez-Villanueva of his right to appeal and explained him with details since Mr. Fernandez-Villanueva is not literate in English or Law.

***** Conflict of Interest**

During the Evidentiary Hearing Attorney Rene DeCoss advised Mr. Fernandez-Villanueva to "forget everything" because he knew Mr. Saenz very well for years, and that he Knew that Mr. Saenz did his work properly. It appears that Mr. DeCoss did not have the less intention of proving the ineffectively of Mr. Saenz. In **Cuyler v. Sullivan, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980)** Counsel actual conflict of interest adversely affecting lawyer's performance renders assistance ineffective ***also,* Holloway v. Arkansas, 435 U.S. 475, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1976).** [A] defendant who shows that a conflict of interest actually affected the adequacy of his representation need not demonstrate prejudice in order to obtain relief. In this case the main purpose of the Evidentiary Hearing that was held on February 15, 2001, was to questioned Mr. Saenz whether he advised Mr. Fernandez-Villanueva his right to appeal, it appears that there was a conflict of interest between Mr. DeCoss and Mr. Saenz because they were aquatinted.

*****Minor or Minimal role**

Mr. Saenz should have requested to sentencing Judge, that Mr. Fernandez-Villanueva was entitle to a three or four-level downward adjustment from his sentencing guidelines, because the only participation that Mr. Fernadez-Villanueva did, was give a ride to a "friend". In **United States v. Greathouse, N.D. Ala. 1994, 851 F.Supp. 1558, affirmed 50 f.3d 1038.** (A nonleader defendant convicted of conspiracy to distribute cocaine was entitled to three-level downward adjustment to his offense level under sentencing guidelines to reflect his lesser involvement in the conspiracy), also in **United States v. Baker, N.D. Cal. 1992, 804 F.Supp. 19,** appeal dismissed **8 F.3d 33.** States that only participant in charged crime of possessing crack cocaine was not "minor Participant" and, therefore, was not entitle to two-point reduction on offense level. In Mr. Fernandez-Villanueva's case he never possessed or controlled any drugs, therefore he should have received a downward departure for a minor, minimal or lesser included offense.



ClibPDF - www.fastio.com

***** Lesser Included Offenses-Definitions**

Mr. Saenz should have requested to trial Judge to apply the new definition of lesser included offense, since Defendant Mr. Fernandez-Villanueva was initially charged with a two-count indictment. The Tennessee Supreme Court, adopted a new definition of "lesser included offense," explained the steps a trial court should take in determining whether to instruct on such an offense, and overruled a prior decision, **State v. Trusty, 919 S.W.2d 305 (Tenn. 1996),** under which a defendant could be convicted of an uncharged offense that qualified as a "lesser grade" offense with respect to the offense charged in the indictment. Therefore Mr. Saenz should have advocated anything in the record arguably to support Mr. Fernandez-Villanuevas position. The lack of adversarial testing by counsel for defense is bases for finding a Sixth Amendment Violation Under **United States v. Cronic, 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984).**

***** Downward departure for being a deportable alien.**

At sentencing, Judge Vela informed Mr. Fernandez-Villanueva, not to return to the Unites States unlawfully. In that instant Mr. Saenz should have requested to sentencing Judge a downward departure because they were aware that Mr. Fernandez-Villanueva was a deportable alien. Pursuant to **United States v. Gaither, 1 F.3d. 1040 (10th. Cir. 1993),** trial Court may properly depart downward from sentencing guideline if Sentencing Commission did not account for mitigation factors In **United States v. Smith, 27 F.3d 649 (D.C. 1994)**, (the defendant's ineligibility for pre-release custody and minimum security confinement as a result as his status as a deportable alien constitute a mitigation factor to be considered by the trial Court).***see also* United States v. Aqu. 763 F. Supp. 703 (1991)** (trail Court departed downward to account for mitigation circumstances stemming from consequences of alien defendant's accepting deportation). In Mr. Fernandez-Villanueva's situation he disqualifies due to his Immigration status all the benefits that BOP renders to inmates during there incarceration. Therefore Mr. Fernandez-Villanueva should be entitle to a downward adjustment.

## CONCLUSION

Mr. Fernandez-Villanueva was convicted for conspiracy that it is very difficult to prove wrong, under the conspiracy theory just by giving a ride to a organizer it more than enough to convict a person, even though he was not receiving nothing in return, he was only given $5.00 for gasoline to take him downtown.

Mr. Fernadez-Villanueva's second trial could have been acquitted, if Mr. Saenz should have should have been effective and proved Mr. Fernandez-Villanueva's innocence, eventhough he was found guilty to one charge, Mr. Saenz should have requested a downward departure for being a minor or minimal participant or a downward departure for being a deportable alien.

Mr. Saenz should have appealed his conviction, instead of depriving his of his right to appeal.

Mr. Fernandez-Villanueva should have been entitled to a proper Legal Representative for his Evidentiary Hearing, instead of being represented by a aquatinted of his previous attorney.

**WHEREFORE,** the above mentioned reasons, after proving with details Mr. Fernandez-Villanuevas position, this Honorable Court should grant his right to appeal or grant his downward departure for the mentioned reasons. Mr. Fernandez-Villanueva's 41 months sentence seriously affects the fairness, integrity, and public reputation of judicial proceeding, **THEREFORE,** Mr. Fernandez-Villanueva respectfully prays this Honorable Court to take in account all the anomalies in his case.

Respectfully submitted this 2 day of May, 2001

Baldemar Fernandez Villanueva

Baldemar Fernandez-Villanueva
Pro-se



ClibPDF - www.fastio.com

## SERTIFICATE OF SERVICE

I, Baldemar Fernandez-Villanueva, Petitioner pro-se, hereby certificate that a true and correct copy of the foregoing was mailed this 2 day of May, 2001 to:

Adela Kowalski Garza
United States Attorney
600 E. Harrison Street, Room 201
Brownsville, Texas 78520-7155

Respectfully Submitted

Baldemar Fernandez Villanueva

Baldemar Fernandez-Villanueva
Reg. No. 82790-079
Pro-se



ClibPDF - www.fastio.com